Harry G. Herman, S.
A cotrustee, who is also one of five executors under the will of decedent, has filed a petition for a compulsory accounting by the executors. The petitioner is not beneficially interested under the will.
The respondent executors, who also are cotrustees, have filed an answer denying certain allegations of the petition to the effect that petitioner has been removed as an officer and director of certain corporations, all of the stock in which was wholly owned by the decedent, and that petitioner has been denied access to the records of such corporations including records of physical inventory, of purchases, sales, manufacturing data, and of accounts receivable and accounts payable.
The will of decedent was admitted to probate by a decree of this court, dated September 11, 1962, at which time letters testamentary and of trusteeship were issued to the five executors and cotrustees named in the will. The Federal estate tax has been fixed and fully paid. The State estate tax fixed by an order of this court dated October 30, 1964, is also fully paid and the receipt for the latter payment has been filed in this office.
Respondents oppose the relief requested upon the ground among others that petitioner is not a “ person interested ”; that under subdivision d of section 259 of the Surrogate’s Court Act petitioner may not as a cofiduciary institute a proceeding for an accounting until he has filed his account as executor together with a petition for its judicial settlement.
Except for a pecuniary bequest of $25,000 to the sister of decedent, the entire estate was devised and bequeathed in three separate trusts, one being a marital deduction trust measured by the life of decedent’s widow, with provisions for two separate trusts for each of decedent’s daughters during their respective lives or until attainment of the age of 50 years. The issue of decedent’s children are contingent remaindermen of such trusts; *505 or in default of such, descendants, the remainder is payable to the brothers and sisters of decedent.
Almost three years have elapsed since the issuance of letters testamentary. Both the estate tax proceedings have been completed and the estate taxes paid. So far as appears there is no reason why the executors should not be compelled to account.
Respondents contend that because petitioner is an employee of one or more of the corporations under a contract of employment which gives him the right to a percentage of the profits in addition to his salary, he should not be permitted to follow any course of action which would involve a conflict of interest and which would unnecessarily burden the estate with additional fees and legal expenses. These statements which appear only in the briefs may not be accepted as proof, but if true, would create the inference that petitioner has instituted this proceeding by reason of his contract of employment involving a percentage of the profits of one or more of the corporations, the stock in which is wholly owned by the estate.
The petition for compulsory accounting is granted. As a cotrustee, the petitioner is a “ person interested” under subdivision 10 of section 314 of the Surrogate’s Court Act; and as such has such a status as will permit him to maintain a proceeding for a compulsory accounting notwithstanding that he is not beneficially interested under the will. Moreover, more than 15 months having elapsed since the issuance of letters testamentary, the court on its own motion under the circumstances directs an accounting under section 257-a of the Surrogate’s Court Act.
The executors are directed to file an account within a time to be fixed in the order to be made herein.